# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2470

_____

United States of America

*Plaintiff - Appellee*

v.

Darling Antonio Mejia-Molina

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: December 21, 2012
Filed: January 8, 2013
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Darling Mejia-Molina appeals the within-Guidelines-range sentence the district court[1] imposed after he pled guilty to knowing receipt of child pornography.  On

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning the procedural soundness and substantive reasonableness of Mejia-Molina's sentence, and suggesting that the court did not properly consider the 18 U.S.C. § 3553(a) factors.

Upon careful review, we conclude that the district court committed no significant procedural error, properly considered and weighed appropriate sentencing factors, and did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 460-62 (8th Cir. 2009) (en banc) (appellate court's review of sentence for abuse of discretion includes (1) ensuring no significant procedural error occurred, and (2) considering substantive reasonableness of sentence under totality of circumstances; court abuses discretion when it fails to consider relevant factor, gives significant weight to irrelevant or improper factor, or considers appropriate factors but commits clear error of judgment in weighing factors; if sentence is within Guidelines range, appellate court may, but is not required to, apply presumption of reasonableness).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing Mejia-Molina about procedures for seeking rehearing or filing a petition for certiorari.

_____